CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 15 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ANGELO D. PENQUE,<br>　　　Petitioner, | )<br>)<br>) Civil Action No. 7:06-cv-00417<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| DIRECTOR OF THE<br>VIRGINIA DEPARTMENT<br>OF CORRECTIONS,<br>　　　Respondent. | ) By: Samuel G. Wilson<br>) United States District Judge<br>)<br>)<br>) |

Petitioner Angelo David Penque, a Virginia prisoner proceeding pro se, brings this petition under 28 U.S.C. § 2254 for writ of habeas corpus challenging the validity of his guilty plea and sentence for larceny from the person and obstruction of justice. He claims that his plea of guilty was involuntary, that he was denied the effective assistance of counsel, and that the judge and prosecutor allowed him to plead guilty knowing that he was under the influence of medications. This case is before the court on the respondent's motion to dismiss. The court finds that the Supreme Court of Virginia has already adjudicated two of Penque's claims, and that the court's decisions were not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of facts. Penque's remaining claims are exhausted but procedurally defaulted. Accordingly, the court grants the respondent's motion to dismiss.

**I.**

On January 3, 2006, Penque filed a habeas corpus petition in the Supreme Court of Virginia, alleging that he: (1) received ineffective assistance of counsel because his attorney

-1-

allowed him to plead guilty while Penque was under the influence of medications, and (2) his guilty plea was invalid because it was not entered freely and voluntary or knowingly and intelligently because he was heavily medicated at the time. The Virginia Supreme Court dismissed the petition, finding that Penque's guilty plea was voluntary and that he did not present evidence to support his claim that he was denied effective assistance of counsel.

In adjudicating Claims (1) and (2), the court cited Anderson v. Warden, 222 Va. 511, 516 (1981), which held that a defendant is bound by representations made during a guilty plea absent a valid reason for controverting those statements, and the court found that Penque did not offer a valid reason why he should not be bound by his representations at trial. The court also found that Penque was not on any medication that would affect his ability to understand the plea proceedings and that Penque's counsel's performance was adequate.

Penque's federal habeas petition raises four different claims, the two (Claims (1) & (2)) he raised in his state habeas petition and two (Claims (3) & (4)) he raises here for the first time. Claim (3) alleges that the prosecutor should not have allowed him to plead guilty because he was under the influence of medications and was not fully aware of what was happening in court, and Claim (4) alleges that the trial judge should not have allowed him to plead guilty because the judge knew he had been hospitalized for mental problems and was under the influence of medications.

## II.

This court may not grant relief on any claim that the Supreme Court of Virginia has adjudicated on the merits unless that decision is contrary to clearly established Federal law or based on an unreasonable determination of the facts presented in the state court proceeding. 28

U.S.C. § 2254(d); See Williams v. Taylor, 529 U.S. 362 (2000). The Supreme Court of Virginia's adjudication of Claims (1) and (2) was neither. Accordingly, the court grants respondent's motion to dismiss.

The record shows that during the plea colloquy, the trial court asked Penque if he was currently taking any medication which would affect his ability to understand what was going on in the courtroom and that Penque replied that he was not. The court also asked Penque if he had taken any drugs within 24 hours of the hearing, and Penque said that he only took an antidepressant that was administered by the jail and that he was taking that medication as directed. Additionally, Penque informed the court that he was not taking any medication that would affect his ability to understand the plea proceedings, that he was able to accurately answer the court's questions and participate in the proceeding, and that he was satisfied with the services of his attorney. Furthermore, the record shows that Penque had been evaluated by a psychologist in August of 2004, who found that Penque's thought processes were well organized and that he would have been competent to stand trial. Therefore, the court finds the Supreme Court of Virginia did not render a decision based upon an unreasonable application of federal law or an unreasonable determination of facts, when it determined that the factual basis was insufficient to support Penque's ineffective assistance of counsel claim or his claim that his guilty plea was not voluntary, and the court grants respondent's motion to dismiss Claims (1) and (2).

### III.

The court finds that Claims (3) and (4) are exhausted but procedurally defaulted because Penque did not present either of these claims to the Supreme Court of Virginia, but rather has raised them for the fist time on federal habeas. See Teague v. Lane, 489 U.S. 288, 297-99

(1989). A federal court will not review a claim that is procedurally defaulted "absent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default." See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Because Penque has not demonstrated cause and prejudice to excuse his procedural defaults, since his ineffective assistance claim is without merit, the court dismisses these claims.

## IV.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Penque's § 2254 petition.

ENTER: December 15th 2006.

UNITED STATES DISTRICT JUDGE